UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cv-81532-ROSENBERG/BRANNON

WILLIAM WOOD FLIPPO, II,

    Plaintiff,

v.

BRENDA H. LITTLE, DEIDRE L. SOUTH,
LARRY B. WOOTEN, President of North Carolina
Farm Bureau Mutual Insurance Company, and
CARROLL D. TUTTLE,

    Defendants.
_____/

## ORDER GRANTING MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION BY DEFENDANTS BRENDA LITTLE, DEIDRE SOUTH, AND LARRY B. WOOTEN

**THIS CAUSE** is before the Court on the Motions to Dismiss for Lack of Personal Jurisdiction filed by Defendants Brenda H. Little, Deidre L. South and Larry B. Wooten [DE 21, 22]. The Court has reviewed the motions, Plaintiff's responses, *see* DE 23 and 26, and Defendants' replies, *see* DE 27 and 28, and is otherwise fully advised in the premises.

For the reasons set forth below, the Motions [DE 21, 22] are **GRANTED** and Defendants Brenda H. Little, Deidre L. South, and Larry B. Wooten are **DISMISSED** with prejudice.

### I.    LEGAL STANDARD

Any analysis of personal jurisdiction begins with two questions: whether personal jurisdiction exists over the non-resident defendant under Florida's long-arm statute and whether the exercise of jurisdiction would violate the Due Process requirement of the Fourteenth Amendment. *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1350 (11th Cir. 2013). "The Florida long-arm statute provides two bases for the exercise of personal jurisdiction: specific and general jurisdiction." *PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598

1

F.3d 802, 808 (11th Cir. 2010). "Specific jurisdiction refers to 'jurisdiction over causes of action arising from or related to a defendant's actions within the forum.'" *Id.* at 808 (quoting *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F. 3d 1210, 1220 n.27 (11th Cir. 2009)). "In contrast, general jurisdiction refers to the power of the forum state to exercise jurisdiction in any cause of action involving a particular defendant, regardless of where the cause of action arose." *Id.* Additionally, due process "prohibits the exercise of personal jurisdiction over a nonresident unless his contact with the state is such that he has 'fair warning' that he may be subject to suit there. . . . A defendant has such 'fair warning' if he 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities." *Id.* at 811.

The plaintiff has the initial burden of establishing a prima facie case of personal jurisdiction over the foreign defendants. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006). A defendant may disprove a plaintiff's showing of personal jurisdiction with appropriate affidavits and, through such rebuttal, "the burden shifts back to the plaintiff to produce evidence supporting personal jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction." *Id.*

## II.   DISCUSSION

Plaintiff's *pro se* complaint seeks to collect on an $80,000 promissory note executed by Defendants Little and South in North Carolina in connection with a sale of property in North Carolina. *See* DE 18. Plaintiff alleges that Defendant Larry B. Wooten, as president of the North Carolina Farm Bureau Insurance Company ("the Insurance Company"), "cancelled his Company's paid full coverage insurance without notice[.]" *Id.* at 4. Plaintiff alleges that Defendant Caroll D. Tuttle—who appears to be an attorney representing Little and South in

litigation regarding the property in North Carolina—committed fraud in connection with that litigation. *Id.* at 4-5.

Defendants Little, South, and Wooten have moved to dismiss the claims against them on the ground that this Court lacks personal jurisdiction over them. *See* DE 21-22. Little and South have submitted detailed affidavits alleging that they have no connection to Florida. *See* DE 21-1, DE 21-2. Specifically, Little and South state that they have never lived in Florida, owned any property or businesses in Florida, worked for any businesses in Florida, sent any agents or representatives to Florida for any business or personal reason, engaged in any marketing in Florida, shipped any goods into Florida, performed any services in Florida, or entered into any contracts or agreements in Florida. *Id.* They also state that their dispute with Plaintiff, which gives rise to the instant lawsuit, "is a dispute arising in and relating only facts, agreements, and circumstances involving the State of North Carolina." *Id.* at ¶ 5.

Wooten has likewise submitted a detailed affidavit stating that neither he nor the Insurance Company has any connection to Florida. *See* DE 22-2. Specifically, he states that he does not live in Florida, own any property in Florida, or conduct any business in Florida, and that he has not entered into any contracts in Florida. *Id.* He states that "the subject lawsuit arises out of facts and circumstances solely involving the State of North Carolina." *Id.* at ¶ 14. Wooten has also submitted an affidavit from the associate general counsel of the Insurance Company, who disavows any connection between the Insurance Company and Florida. *See* DE 22-1. The associate general counsel states that the Insurance Company is a corporation created organized, incorporated, and existing under North Carolina law; has its principal place of business in North Carolina; does not have any offices, employees, agents, accounts, property or assets in Florida; does not conduct any business outside of North Carolina; has not entered into any contracts in Florida; and has never issued any insurance policies in Florida. *Id.* The associate general counsel

states that the Insurance Company's policy for the property involved in the instant dispute was issued in North Carolina and that the property is located in North Carolina. *Id.* at ¶¶ 10-11.

Plaintiff's response to Little and South's response alleges that they did "conduct business" in Florida by communicating with Plaintiff, who lives in Florida, about the property and the North Carolina litigation involving the property. *See* DE 23.[1] However, Plaintiff does contest Little and South's allegations that, apart from these communications, they generally have no contacts with Florida. Plaintiff therefore would need to show, under a theory of specific jurisdiction, that the present action arose out of these communications between Plaintiff, Little, and South. *See PVC Windoors*, 598 F.3d at 808. Plaintiff has not done so; this action arises out of the promissory note concerning property in North Carolina and the litigation in North Carolina.

Additionally, such communications are not sufficient to give Defendants Little and South "fair warning" that they could be subject to suit in Florida. *Id.* at 811. "A defendant has such 'fair warning' if he 'purposefully directed' his activities at residents of the forum and the litigation results from alleged injuries that 'arise out of or relate to' those activities. . . . In this way, the defendant could have reasonably anticipated being sued in the forum's courts in connection with his activities there." Id. (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)). The mere fact that Little and South communicated with Plaintiff about the property while Plaintiff was living in Florida is not sufficient to establish that they could have reasonably anticipated being sued in Florida courts in connection with the property.

Plaintiff's response to the motion by Wooten alleges only that Wooten's company "has insured [the North Carolina] property for many years" and that Wooten, as president, is the "alter

---

[1] To the extent Plaintiff's response argues that Defendants are in default because they did not respond to the complaint within 21 days of it being filed, this is incorrect. The time for responding to a complaint is calculated from the date of service of the complaint on a defendant, not from the date of filing. It is Plaintiff's burden to establish the default by Defendants. Because there is no evidence in the record to show when Defendants were served, Plaintiff has not met this burden. Furthermore, Defendants have now responded to the complaint by moving to dismiss.

4

ego" of the company. *See* DE 26. Thus, Plaintiff has made no attempt to rebut Wooten's evidence that Wooten has no contacts with Florida. *See Stubbs*, 447 F.3d at 1360 (once defendant provides affidavits disproving personal jurisdiction, the burden shifts to plaintiff to produce evidence supporting personal jurisdiction). Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Motions to Dismiss for Lack of Personal Jurisdiction filed by Defendants Brenda H. Little, Deidre L. South [DE 21] and Larry B. Wooten [DE 22] are **GRANTED** and those Defendants are **DISMISSED** with prejudice. It is further

**ORDERED AND ADJUDGED** that, if the *pro se* Plaintiff wishes to continue with this action against the remaining Defendant, Caroll D. Tuttle, Plaintiff should have Tuttle served with a copy of the summons [DE 19] and amended complaint [DE 18] as provided in Federal Rule of Civil Procedure 4, and then file a return of service with the Court to show that service was made. **Failure to serve Tuttle within ninety (90) days of the date the amended complaint was filed—April 15, 2016—will result in this action being dismissed under Federal Rule of Civil Procedure 4(m) without further notice to Plaintiff, unless Plaintiff shows good cause for the failure**.

**DONE AND ORDERED** in Chambers, Fort Pierce, Florida, this 21st day of March, 2016.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record